THE MAYOR AND COMMON COUNCIL OF JERSEY CITY *vs.* STEPHEN QUAIFE.

1. The fifty-ninth section of the charter of Jersey City includes all commissioners of assessments authorized by the act, and applies as well to the commissioners appointed under the fifty-fifth section of the charter as to those appointed under the fifty-second section.

2. The ordinance of the common council of Jersey City, entitled, "An ordinance fixing salaries," approved September 5th, 1854, fixing the compensation of the commissioners of assessments, extends to all commissioners of assessments provided for in the charter of the city.

3. The ordinance is not limited in its operation to the board of commissioners appointed by authority of the second section of the supplement to the city charter, approved March 16th, 1854.

4. A commissioner employed to make assessments under the fifty-fifth section of the charter can recover only such compensation for his services as is provided for by the city ordinance.

Error to the Circuit Court of the county of Hudson.

The action below was brought by Quaife against the mayor and common council of Jersey City, to recover compensation for his services as a commissioner of estimate and assessment for opening streets and building sewers in Jersey City. On the trial, the defendants offered in evidence an ordinance of the city council, fixing the compensation of the commissioners of assessments. This

evidence was objected to, and overruled. The rejection of this evidence constituted the sole ground of error.

The case was argued before the CHIEF JUSTICE, and Justices OGDEN, HAINES, and RYERSON, by *McClelland*, for the plaintiffs in error, and by *Wakeman*, for the defendant.

The CHIEF JUSTICE delivered the opinion of the court.

This action was brought by Quaife, the defendant in error, against the mayor and common council of Jersey City, to recover compensation for services rendered by him, as commissioner of assessments in opening streets and building a sewer in Jersey City. The plaintiff counted upon a *quantum meruit*, and upon the trial gave evidence of the value of his services. The defendants, by way of defence, offered in evidence an ordinance of the city council, limiting the compensation of the commissioners of assessments to four dollars for each assessment. The court rejected the evidence, upon the ground that the ordinance did not apply to the services rendered by the defendant. This constitutes the sole ground of error.

The fifty-second section of the act to incorporate Jersey City, approved 18th March, 1851, (*Pamph. L.* 414,) provides that all expenses for improvements in opening, altering, widening, filling up, grading, altering the grade of, refilling, guttering, curbing and paving streets, and for building wells, pumps, and sewers, shall be assessed upon, and paid by the lands and real estate benefited by the same, in proportion to the benefit received.

The fifty-fifth section of the act provides for the appointment of commissioners, and for making assessments upon application for opening, altering the grade of, and widening streets and constructing sewers. Under this section of the charter, the services of the plaintiff were rendered.

The fifty-second section of the act provides for the appointment of commissioners and for making assessments

in all other cases of improvements, except those specified and provided for in the fifty-fifth section.

The commissioners, under each of these sections, are appointed by the common council of the city for each specific application. The duties of the respective boards are somewhat variant, though it devolves upon each to assess the expenses of the several improvements upon the lands and real estate benefited thereby.

By the fifty-ninth section of the act it is enacted that "all commissioners of assessments appointed by or under this act shall receive such compensation for their services as the common council shall, by general ordinance, fix and ordain."

By an ordinance of the common council entitled "An ordinance fixing salaries," approved September 5th, 1854, it is ordained that "to the commissioners of assessments shall be paid, each, for each assessment, the sum of four dollars."

The fifty-ninth section of the charter, in very terms, includes all commissioners of assessments appointed under the act. It applies as well to the commissioners appointed under the fifty-fifth section, as to those appointed under the fifty-second section. It prescribes the form of official oath to be taken by all the commissioners, and authorizes them to receive such compensation for their services as the common council shall, by general ordinance, fix and ordain. Common council did, by general ordinance, fix and ordain that "the commissioners of assessments should each receive four dollars for each assessment." The language of the ordinance is as broad as the language of the charter. It specifies the commissioners of assessments, and must be held to include all commissioners of assessments, unless there should be shown good reason to the contrary. If the question arose solely upon the language of the charter and of the city ordinance, there could be no room for question but that the plaintiff's claim came within the operation of the ordinance.

But by a supplement to the city charter, approved March 16th, 1854, (*Pamph. L.* 391, § 2,) prior to the date of the city ordinance, so much of the fifty-second section as requires common council from time to time to appoint the commissioners is repealed ; and council are required, in lieu thereof, to appoint a board of four commissioners, who shall take and subscribe the oath prescribed for other city officers, and shall hold their offices for one year. Instead of appointing new commissioners upon each application to act *pro hac vice*, they are to be appointed and hold office for one year ; but the mode of appointment, and the title and the duties of the officers remain the same. This act clearly does not include the commissioners appointed under the fifty-fifth section ; and it is insisted that the city ordinance fixing salaries was intended to apply only to the commissioners appointed under this supplement. They alone, it is said, are city officers, entitled to receive salaries as such. If the act made the commissioners salaried officers, and gave them a fixed salary, payable annually or quarterly, the argument would be decisive ; for it is clear that such language would be inapplicable to a commissioner appointed temporarily to perform a specified duty. But the act does no such thing. It awards compensation to the commissioners for specified services, and uses language precisely as applicable to commissioners appointed under the fifty-fifth section of the charter as to those appointed under the supplement. Nor can any argument be drawn from the mere fact that a fixed compensation is given by general ordinance to the commissioners as to other city officers, for that is precisely what is authorized by the original charter, in regard to all the commissioners appointed under it. The common council, in fixing the compensation of the commissioners of assessment by ordinance, did just what the original charter contemplated and authorized in regard to all the commissioners.

The strongest argument against this construction may

be deduced from the apparent incongruity between the twenty-fifth section of the charter and the ordinance. The ordinance requires the compensation of the commissioners to be assessed upon the property included in the assessment, whereas, by the twenty-fifth section of the charter, the compensation of the commissioners is, in certain cases, to be paid by the applicants for the improvement. The answer to the objection is, that the assessment of the expenses can only be made upon the property when the improvement is carried into effect, and such must have been the intention of council in enacting the ordinance. The appointment of the plaintiff as commissioner was made, and the services rendered by him under the appointment were performed after the adoption of the ordinance. They must therefore be regulated by it.

The court erred in overruling the ordinance as evidence in the cause, and the judgment must therefore be reversed, and a *venire de novo* awarded.